UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEE MASSEY,

        Petitioner,               Case Number: 5:14-CV-14130
                                                   HON. JOHN CORBETT O'MEARA

v.

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION TO HOLD HABEAS PETITION IN ABEYANCE
AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Lee Massey is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. He challenges his convictions for three counts of armed robbery, three counts of discharging a firearm in a building, three counts of felon-in-possession of a firearm, and nine counts of possession of a firearm during the commission of a felony. In addition to his habeas petition, Petitioner filed a Motion to Hold Habeas Petition in Abeyance. The Court grants the motion.

**I.**

Petitioner's convictions arise from three separate robberies in the City of Pontiac in October 2009. He was convicted by a jury in Oakland County Circuit

Court. On February 17, 2011, he was sentenced to 25 to 70 years' imprisonment for each armed robbery conviction, 3 to 20 years' imprisonment for each felon in possession conviction, and 3 to 15 years' imprisonment for each discharging a firearm in a building conviction, to be served consecutively to nine concurrent two-year terms for the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, arguing that counsel provided ineffective assistance and that the prosecution presented insufficient evidence regarding one of the robbery convictions. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Massey*, No. 297672, 2011 WL 3115605 (Mich. Ct. App. July 26, 2011). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Massey*, 490 Mich. 972 (Mich. Dec. 28, 2011).

Petitioner has now filed a petition for a writ of habeas corpus. He raises these claims: (i) Confrontation Clause violation; (ii) insufficient evidence presented two sustain two robbery convictions; (iii) evidence of prior convictions improperly admitted; (iv) denied counsel; (v) impermissibly suggestive identification procedure; and (vi) ineffective assistance of trial and appellate counsel. Petitioner also filed a motion to hold habeas petition in abeyance.

**II.**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner asks for a stay so that he may raise unexhausted claims in state court and then amend his petition to include these claims.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner argues that his unexhausted claims were not presented in state court because his trial and appellate attorneys were ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present his claims in state court. In addition, the Court finds that Petitioner's claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See*

3

*Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, it is ORDERED that Petitioner's Motion to Hold Habeas Petition in Abeyance [dkt. #2] is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days

from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

    It is further ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

                                                  s/John Corbett O'Meara  
                                                  United States District Judge

Date:  November 17, 2014

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 17, 2014, using the ECF system and/or ordinary mail.

                                                    s/William Barkholz  
                                                    Case Manager